### Cornelius S. Richey, Adm'r, etc., of Wm. J. Turner, deceased, v. Hector M. Sinclair et al.

1. MORTGAGE—*Must Show Who is the Creditor.*—A mortgage which does not name the mortgagee and which contains nothing to show who is the creditor, so that such lack may be supplied by reference, is void, and a recital that the mortgage is given to secure a note payable to the order of A, is not sufficient, as such a note may be the property of some other party.

2. DEMURRERS—*What Questions Can be Raised by.*—A mortgage conveyed one acre of land in the northwest corner of block twenty-seven, etc.; the block was intersected by a road extending from its northwest to its southeast corner. *Held,* that the question whether the acre shall be partly in the road, or enough on each side to make an acre, can not be raised by demurrer.

**Bill,** to foreclose mortgage.  Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.  Heard in this court at the October term, 1896.  Affirmed.  Opinion filed December 28, 1896.

Bassett & Bassett and J. Edwards Fay, attorneys for appellant.

H. T. & L. Helm, Parker W. Tefft and Bowen W. Schumacher, attorneys for appellees.

Mr. Justice Gary delivered the opinion of the Court.

It is not necessary for the purposes of this opinion, that it be shown how the parties are interested in the question to be decided.

This appeal is from a decree dismissing, upon demurrer, a bill filed to foreclose as a mortgage, an instrument, the operative words of which are as follows:

"This indenture, made this thirtieth day of May, in the year of our Lord one thousand eight hundred and seventy-nine, between John A. Van Pelt, of the city of Chicago, in the county of Cook and State of Illinois, of the first part, and .............., of the second part; whereas, the said party of the first part is justly indebted to the said party of the second part in the sum of one thousand dollars, secured to be paid by a certain promissory note, bearing even date herewith, payable six months after its date, at Aledo, Mercer County, Illinois, with interest at eight per cent per annum, to the order of William J. Turner.

Now, therefore, this indenture witnesseth, that the said party of the first part, for the better securing the payment of the money aforesaid, with interest thereon, according to the tenor and effect of the said promissory note above mentioned and also in consideration of the further sum of one dollar, to me in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, sold, remised, aliened and conveyed, and by these presents do grant, bargain, sell, remise, alien and convey unto the said party of the second part, his heirs and

assigns forever, all the following parcel of land situated in
Cook county, Illinois: one acre ofl and of the northwest
corner of block twenty-seven, in South Lawn, being a sub-
division of the south half of section 8, T. 36, N., R. 14 east,
in Cook county, aforesaid.

To have and to hold the same unto the said party of the
second part, his heirs, assigns, etc. Provided always, that
if the said party of the first part shall well and truly pay
to the said party of the second part the aforesaid sum of
money, in manner specified in the above mentioned promis-
sory note, according to the true intent and meaning thereof,
then these presents shall be void."

There is nothing to show who was the creditor, so that
the lack of the name of the mortgagee may be supplied by
reference. A note "to the order of William J. Turner"
may be the property of Jones, Smith or Brown. In prin-
ciple, this case is the same as Disque v. Wright, 49 Ia. 538.

There is, and was at the time when, etc., a road eighty
feet wide running diagonally through the block from the
northwest to the southeast, and the corners of the parallelo-
gram which would be described by extending the sides of
the block into the road, are near "the middle of the road."

But the question of whether the acre shall be partly in
the road, or enough on each side to make an acre, can not
be raised by demurrer.

If the appellant is entitled to any relief, his bill is not
wholly without foundation.

Van Pelt is not made defendant, but that was not assigned
as ground of demurrer. 1 Dan. Ch. 288.

As the instrument was on record, the appellees could
hardly claim as purchasers without notice, but if they could,
that defense could not be made by demurrer. Sugden, Ven.
& Pur., Ch. 25.

The decree is affirmed, upon the single ground that the
instrument is void, because there is no mortgage expressed
or implied.